UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 1:09-CR-00101 |
| v. | : | |
| | : | **OPINION AND ORDER** |
| DEWARREN SHELTON. | : | |

This matter is before the Court on Defendant's Motion to Amend/Correct Sentence Pursuant to Rule 35 (doc. 31), and the government's Response in Opposition (doc. 32). The Court held a conference on Defendant's motion on April 15, 2010, at which time it orally denied such motion.

The Court sentenced Defendant on April 8, 2010, to 110 months imprisonment based on his conviction for being a felon in possession of a firearm (doc. 28). Defendant now moves the Court to modify such sentence based on the Sentencing Commission's April 13, 2010 vote to amend the Sentencing Guidelines Manual so as to delete U.S.S.G. § 4A1.1(e) (doc. 31). Defendant specifically requests the Court reduce his criminal history category by one level and sentence him to 100 months (Id.).

The government opposes Defendant's motion because the Court did not impose the sentence in error, and because case law is clear that changes in the guidelines are not applied retroactively (doc. 32). Moreover, the government argues the Commission's change has not yet been adopted by Congress, would only become effective in November 2010, and the change lacks any direct language making

it retroactive (Id.).

Having reviewed this matter, the Court finds the government's position well-taken that there was no error in its sentencing of Defendant. Defendant argued at the hearing that it was erroneous for him to receive six criminal history points for two prior drug trafficking offenses, and one additional criminal history poiont under section 4A1.1(e) for being incarcerated within the two years preceding his federal offense. However, the Court noted that although Defendant was sentenced for both crimes on the same day, he committed such crimes at separate times, the second crime while he was on bond. Under such circumstances, and taking into account Defendant's long criminal history, the Court did not err in its sentence, and there is no valid basis under Rule 35(a) of the Federal Rules of Criminal Procedure to modify the sentence imposed.

The Court further notes that should Congress enact the change in the guideline and make it retroactive, the Court would certainly entertain a motion by Defendant pursuant to 18 U.S.C. 3582. However, the Court simply finds no basis at the current juncture for the relief Defendant seeks.

Accordingly, the Court DENIES Defendant's Motion to Amend/Correct Sentence Pursuant to Rule 35 (doc. 31).

SO ORDERED.

Dated: April 15, 2010         /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge